Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180009451
Transaction ID: 0007681076
Filing Date: 10/30/2018 04:11:55 PM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| DALILA N. AREVALO, | ) | CI |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| SMITHFIELD FARMLAND CORP.. | ) ) | |
| Defendant. | ) ) | |

### NATURE OF THIS ACTION

This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101 et seq., the Nebraska Fair Employment Practices Act ("FEPA"), Neb. Rev. Stat. §§ 48-1101 et seq., and a claim for Retaliatory Discharge/Retaliation for Pursuing Workers' Compensation Claim, wherein Dalila Arevalo (Plaintiff) seeks damages against her employer, Smithfield Farmland Corp for unlawful discrimination and retaliation against her with respect to the terms, conditions and privileges of her employment.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to Neb. Rev. Stat. §24-302, Neb. Rev. Stat. § 48-1119(4) and under common law.

2. Prior to filing this action, on or about September 8 2017, Plaintiff filed a charge against Defendant for discrimination based on National origin, disability, and in retaliation for making an accommodation request with the Nebraska Equal Opportunity Commission (NEOC) and the United States Equal Employment Opportunity Commission (EEOC). After filing said claim, she was indefinitely suspended by her employer in late September, 2017. An Amended charge was filed on October 6, 2018 asserting she had been retaliated against for filing a claim with the NEOC/EEOC. The NEOC made a determination, received by the Plaintiff on or about August 3, 2018.

3. Venue is proper as all actions alleged below were committed in Douglas County, Nebraska.

1

EXHIBIT "A"

## PARTIES

4. Plaintiff, is, and at all relevant times herein, a resident of Omaha, Douglas County, Nebraska.
5. Smithfield Farmland Corp. is a foreign corporation but conducts business in Omaha, Douglas County, Nebraska.

## STATEMENT OF CLAIM

6. Plaintiff re-alleges the allegations of paragraphs 1 through 5 as if set forth verbatim herein.
7. Plaintiff was hired by Defendant in January 2005.
8. Plaintiff was a general laborer which required her to repetitively pack and stack boxes onto a pallet.
9. Plaintiff initially felt pain in her shoulder, due to her repetitive job duties, in approximately 2008 and reported it to her supervisors.
10. Plaintiff again felt pain in her shoulder in September of 2011 and she was evaluated by doctors.
11. On or about August 12, 2015 she felt a sharp pain in her shoulder, arm and neck while conducting her job duties at Defendant's plant.
12. She reported the injury to her supervisor, but her supervisors told her to continue working and advised her she was not hurt and that she simply did not want to work.
13. After further complaints, Defendant finally sent Plaintiff to Workfit for evaluation of her shoulder pain on August 28, 2015.
14. On August 28, 2015, Dr. Joseph Martinak indicated she should be on light duty, restricted her from lifting over 20 pounds and advised she should limit the use of her right shoulder/arm.
15. Despite these restrictions, Defendant's required Plaintiff to conduct the same job duties.
16. Plaintiff requested Defendant abide by her doctor's restrictions and provide her reasonable accommodations. These requests were denied by Defendant's supervisors.
17. After further complaints to the HR department, Plaintiff was referred to Dr. Charles Rosipal at GIKK Ortho Specialists. Dr. Rosipal diagnosed Plaintiff as having a right shoulder subacromial bursitis/rotator cuff tendinitis and advised she could not work as of September 15, 2015.

18. Subsequently on October 6, 2015, Dr. Rospisal, noting she had a nondisplaced posterior/superior labral tear of the right shoulder, with neck and arm pain, allowed her to return to work with the following restrictions: "3 pound waist level. No work at chest height or above, Keep work within 18" of body. No repetitive work."

19. On November 5, 2015, Dr. Jeremiah Ladd of Nebraska Spine & Pain Center stated in part:

    Continue to work with the same restrictions per Dr. Rosipal....

    No heavy repetitive use of the right upper extremity, please keep work within 18 inches of the body, no work above chest height, lifting restrictions as follows: Medium duty consisting of 10 pounds of force lifted continuously, 25 pounds of force lifted frequently, and up to 50 pounds lifting occasional. Upon discussion with patient would consider positions within the T5 line in the Pocket Adjuster category, labeling, packing (some positions if meeting above recommendations) and "open liquor (sp)" as these were jobs identified by the patient that she felt she would be able to do within her job description".

20. Despite these restrictions, which were provided to her employer, Plaintiff was transferred to a new job, wherein she was to cut and hang sausages, weighing approximately twenty pounds, over her head. She also rotated onto other jobs that caused her to conduct work outside the recommended restrictions.

21. Plaintiff complained and asked for accommodations, but no action was taken by Defendants.

22. Plaintiff's supervisor would yell and threaten her with firing if she did not conduct her job duties. The supervisor, non Hispanic, further made numerous comments that he hated Latino people.

23. In February 2017, Plaintiff made complaints to the Human Resources Department about her supervisor not accommodating her work restrictions and his unprofessional and racial comments. Unfortunately no action was taken by Defendant to correct these actions.

24. Plaintiff conducted her job duties, working through pain, for approximately two years, when, on August 15, 2017 she felt increased pain in her shoulder after lifting a box over her head.

25. Plaintiff reported the August 15, 2017 incident to Defendant.

3

26. Defendant did not send her to a doctor and told her to go back to work. Plaintiff's supervisor made further racial comments towards Plaintiff and told her that she was just trying to get out of working.
27. On September 8, 2017 Plaintiff filed a Charge of Discrimination with the NEOC.
28. Additionally, in August/September 2017, Plaintiff initiated a workers compensation claim against Defendant.
29. On or about September 20, 2017, Plaintiff was suspended indefinitely for the stated reason she was refusing to conduct certain jobs. When Plaintiff asserted she could no longer conduct certain jobs because of her pain and the restrictions her doctor provided to her, Defendant asserted it had no documentation of her restrictions and upheld the suspension.
30. Going back to at least November 2015, Plaintiff had requested work accommodations and indicated jobs she could conduct within her restrictions, but all said requests were denied by the employer.
31. Plaintiff, while considered a suspended employee, has not earned any wages or workers compensation indemnity payments since her suspension on or about September 20, 2017. She calls in every day to see if she can return to work but has been denied.

## COUNTS I & II
## VIOLATION OF ADEA AND NADEA
## (HOSTILE WORK ENVIRONMENT)

32. Plaintiff was subject to unwelcome harassment and a hostile work environment on account of her race and disability.
33. The comments made about Plaintiff's race and disability were permeated with discriminatory intimidation, ridicule and insult creating an abusive work environment and resulting in an indefinite suspension wherein Plaintiff is not paid wages.
34. The above mentioned allegations demonstrate that a term, condition, and/or privilege of Plaintiff's employment was affected by the harassment and hostile work environment.
35. Defendant was aware of the harassment by Plaintiff's supervisor and failed to take appropriate action.
36. As a direct and proximate result of the hostile work environment, Plaintiff has suffered lost wages undue hardship, great emotional distress, humiliation, embarrassment,

inconvenience, loss of enjoyment of life, damage to her reputation, which entitles her to compensatory damages.

37. Defendant should reinstate Plaintiff and/or be required to pay Plaintiff damages.
38. Plaintiff has incurred, and will continue to incur attorney's fees and costs in this matter, and Defendant should be ordered to pay Plaintiff for reasonable attorney's fees and costs.

## COUNTS III & IV
## VIOLATION OF ADA AND FEPA
## (DISABILITY)

39. Plaintiff re-alleges the allegations of paragraphs 1 through 38 as if set forth verbatim therein.
40. Plaintiff was discriminated against when Defendant refused to accommodate the Plaintiff to allow her to sufficiently recover from her injuries, treated her differently because of her disability, suspending her due to her disability, and/or refusing to allow her to work at other positions within her restrictions.
41. The foregoing actions constitute a willful violation of the ADA and FEPA. Plaintiff was discriminated against when the Defendant refused to accommodate the Plaintiff in an available position wherein she could perform the essential functions of that position
42. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to her reputation, which entitles her to compensatory damages and incurred attorney fees and costs.

## COUNT V
## RETALIATORY DISCHARGE FOR PURSUING WORKERS COMPENSATION
## CLAIM

43. Plaintiff re-alleges the allegations contained in paragraphs 1 through 42 as if set forth verbatim herein.
44. That it is the fundamental and well defined public policy of the State of Nebraska to favor economic security for employees such as Plaintiff who are injured while performing their job duties during the course of their employment.

45. The Defendant engaged in a course of conduct and pattern and practice to obstruct the fundamental and well defined public policy to relieve injured workers, such as the Plaintiff from the adverse economic effects caused by the on job injuries suffered by her, in the following particulars:
   a. Ignoring Plaintiff's workers compensation claim;
   b. Unreasonably denying necessary medically justified medical diagnostic examinations and treatment;
   c. Wrongfully suspending, resulting in a de facto termination of her employment for making a workers compensation claim.
46. That as a direct and proximate result of the Defendant's wrongful and retaliatory discharge of the Plaintiff for pursuing her protected rights under the Workers' Compensation Act and the Statutes of the State of Nebraska, the plaintiff has suffered special damages in lost income of approximately $35,000, which continues to increase, suffered general damages in extreme physical pain and suffering and mental suffering and anguish, which will continue to in the future.

## COUNT VI
## RETALIATION FOR FILING AN NEOC/EEOC CLAIM

47. Plaintiff re-alleges the allegations contained in paragraphs 1 through 46 as if set forth verbatim herein.
48. Plaintiff was indefinitely suspended on or about September 20, 2018, less than two weeks after filing a claim of discrimination with the NEOC.
49. It is unlawful for an employer to retaliate against an employee for filing a charge of discrimination.
50. As a result of the Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer lost wages, undue hardship, great emotional distress, humiliation, embarrassment,
51. inconvenience, loss of enjoyment of life, damage to her reputation, which entitles her to compensatory damages, attorney fees and costs..

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Declare That the Defendant's conduct to be in violation or willful violation of the above mentioned statutes or in violation of law and hold Defendant liable for all causes of action raised by Plaintiff in this Action;

2. Re-instate Plaintiff to a position she is able to conduct within her work restrictions;
3. Award Plaintiff back pay and/or loss wages totaling over $35,000, plus pre-judgment interest in an amount to be proven at trial;
4. Award Plaintiff front pay;
5. Award punitive damages as allowed by law;
6. Award Plaintiff's a reasonable attorney's fee and costs of this action;
7. Award plaintiff damages for emotional distress, humiliation, embarrassment, injury to reputation, mental anguish, anxiety, general damages and compensatory damages' and
8. Grant Plaintiff such other and further relief as may be just and equitable.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Dated this 30th day of October, 2018.

Dalila Arevalo, Plaintiff,

BY:/s/ *Douglas R. Novotny*
Douglas R. Novotny #22703
Novotny Law
18025 Oak Street Suite B
Omaha, NE. 68130
402-991-7643
doug@douglasnovotnylaw.com